UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE BROOM,

        Plaintiff,        Case No. 1:06-cv-350

v.        Honorable Gordon J. Quist

JOHN S. RUBITSCHUN et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, I recommend that Plaintiff's complaint be dismissed without prejudice.

**Discussion**

        I.        Factual allegations

        Plaintiff is presently incarcerated in the Cooper Street Correctional Facility. In his *pro se* complaint, Plaintiff sues Michigan Parole Board Chairman John Rubitschun, former Michigan Governor John Engler, Warden Robert Kapture, Warden Sally Langley, Corrections Officer Gary VanSickle, Unknown parties named in 2001, 2002, and 2003 Newberry and Florence Crane Correctional Facilities grievances, Warden Thomas Phillips, Assistant Resident Unit Supervisor

(ARUS) Unknown Crisp, ARUS Unknown Adams, Captain Unknown Meyers, Corrections Officer Unknown Leueberger, Corrections Officer Unknown Molenkarp, Corrections Officer Unknown Poloski, Corrections Officer Unknown Nickerson, Corrections Officer Unknown Bosley, Corrections Officer Unknown Croton, Corrections Officer Unknown Depay, Corrections Officer Unknown Pelky, Corrections Officer Unknown Jorns, Corrections Officer Unknown Boynton, Warden Bruce Curtis, Corrections Officer Unknown Bradford, Corrections Officer Unknown Fudil, Corrections Officer Unknown Bildner, Corrections Officer Unknown Hayes, Corrections Officer Unknown Bradford, Corrections Officer Union Jorae, and Unknown Michigan Department of Corrections (MDOC) parties.

The allegations set forth in Plaintiff's one hundred and thirty-seven page complaint are difficult to follow. As such, I discerned the following six claims, three of which concern his parole. First, Plaintiff states that Defendant Engler unconstitutionally amended the parole board and parole guidelines in 1992 in violation of his due process rights.[1] Second, Plaintiff argues that the parole board unconstitutionally denied his parole over the past eight years due to fifty-three "trivial" major misconduct infractions. Pl.'s Compl. at 74. Third, Plaintiff alleges that the 1992 changes in the parole guidelines effectively increased his 1991 sentence in violation of the Ex Post Facto Clause.

Fourth, Plaintiff argues that MDOC staff retaliated against him for filing grievances and complaints in violation of his First Amendment rights. MDOC staff allegedly harassed him, ordered prisoners to provoke him, transferred Plaintiff to several different correctional facilities and mental hospitals, and forced him to take "psychotropic" medication. *Id.* at 82. Fifth, Plaintiff

---

[1] Plaintiff asserted the same claim in *Broom v. Engler et al.,* No. 4:05-cv-123 (W.D. Mich.), which this Court dismissed without prejudice on December 16, 2005 for lack of exhaustion.

complains that Defendants violated his Eighth Amendment right against cruel and unusual punishment by subjecting him to "Traumatic Stress, MENTAL TORTURE, Psychological Pain, Permanent and Irreparable Damage to [his] Heart and Kidneys . . . ." *Id.* at 96. Plaintiff alleges that he has been diagnosed with congestive heart failure due to an enlarged heart and an "anomal" kidney. *Id.* Sixth, Plaintiff argues that he was denied photocopies of legal documents in violation of his First Amendment right of access to the courts. Plaintiff also asserts several state law claims.

For relief, Plaintiff requests (1) "Constitutional Federal Protection/Equal Protection" until released from the MDOC, (2) the Court to conduct a scientific analysis of all prisoners, who have received a verdict in their favor over the last forty years, (3) compensatory damages of seventy-seven million dollars, and (4) a trial. *Id.* at 136-37.

## II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.[2] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues plaintiff may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

To the extent Plaintiff argues that the parole board wrongly denied his parole over the past eight years, Plaintiff's claims are exhausted. The decision to grant, rescind, amend, or revoke parole may not be grieved. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(2) (effective 4/28/03). Further, the decision cannot be appealed.[3] Under recent statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial by statute. The former version of MICH. COMP. LAWS § 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MICH. COMP. LAWS

---

[2] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

[3] However, certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by complaint for an order of mandamus. *See Morales v. Mich. Parole Bd.*, 676 N.W.2d 221, 229-30 (Mich. Ct. App. 2003).

§ 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MICH. COMP. LAWS § 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* MICH. CT. R. 7.104(D)(1), (2)(a).

Although a prisoner may not grieve a decision by the parole board to grant or deny parole, a prisoner may grieve a failure of the parole board to follow the parole process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(2) (effective Dec. 19, 2003) (decisions by the parole board to grant, deny, rescind, amend or revoke parole are non-grievable issues), Policy Directive 06.05.100, ¶ H (effective July 1, 2000) (prisoners can challenge the calculation of the guidelines score, including accuracy of information used to calculate the score), Policy Directive 06.05.106, ¶ U (effective Feb. 10, 1986) (prisoners may grieve the failure to follow the parole process). Plaintiff's harassment, retaliation and medical claims are also the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03).

To address the exhaustion requirement, Plaintiff states that the MDOC restricted Plaintiff from gaining access to certain Defendants' names in the 2001, 2002 and 2003 grievances/ complaint. *Id.* at 84. "Today due to the above MDOC retaliatory behavior & Plaintiff's similar [sic] circumstances out of Plaintiff's complete control, I have (no) grievances to present to this court nor

the 2001, 2002, & 2003 names of administrative staff, corrections officers and prisoners cited in the grievances / complaints" other than the above-named Defendants. Pl.'s Compl. at 85-86. Plaintiff does not understand why Judge Enslen in *Broom,* No. 4:05-cv-123 (W.D. Mich.)*,* would not take judicial notice of the "2001, 2002 & 2003 MDOC grievances & certified mailed letter complaints from the Honorable James R. Giddings." *Id.* at 88. Plaintiff argues that he should not have to exhaust his claims against those Defendants who harassed him and retaliated against him before he may seek relief in federal court. *Id.* at 88-89. Plaintiff also alleges that Defendants caused him such severe psychological pain that he has been diagnosed as being mentally unstable and having an enlarged heart and an "anomal" kidney. *Id.* at 88-90.

Plaintiff admits that he has not provided the Court with copies of any of his Step I, II, or III grievances, nor does he indicate in his complaint that he identified any of the above-named Defendants in a Step I grievance. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to allege or show that he named any of the Defendants in his Step I grievance alone precludes a finding of exhaustion. *Burton*, 321 F.3d at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process, was not administratively exhausted). Without any evidence from Plaintiff that he identified any of the Defendants in any administrative proceeding or that he exhausted his administrative remedies with respect to each of the Defendants, Plaintiff failed to establish with particularity that he exhausted his available administrative remedies against those Defendants. *See Knuckles El*, 215 F.3d

at 642 (plaintiff must make particularized averments sufficient for the district court to determine what, if any, claims have been exhausted).

Further, Plaintiff has failed to indicate whether he pursued the grievances through all levels of review. A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (6th Cir. 1998) (prisoners "must allege and show that they have exhausted all available state administrative remedies"); *accord Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *1 (6th Cir. Aug. 13, 1999) (dismissal of claim for lack of exhaustion was appropriate where prisoners failed to complete the review process before bringing their lawsuit); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *1 (6th Cir. Dec. 17, 1998) ("Furthermore, even though Larkins may not have aborted the grievance procedure regarding the ninth cause of action raised in his complaint, such grievance was not resolved prior to the filing of either his complaint or amended complaint and, consequently, is unexhausted."); *Tucker v. McAninch*, No. 97-3880, 1998 WL 552940, at *2 (6th Cir. Aug. 13, 1998) (plaintiff failed to complete the administrative process when he had grieved and appealed to the warden, but had one more appeal remaining to the director of the department). Plaintiff, therefore, has failed to demonstrate exhaustion of his available administrative remedies.

Plaintiff argues that he should not have to grieve those Defendants who harassed and retaliated against him. Due to Defendants' harassment, Plaintiff argues that he suffers from an enlarged heart and "anomal" kidney. Plaintiff's argument is without merit. The PLRA does not

excuse exhaustion for prisoners who are under imminent danger of serious physical injury, much less for those who are afraid to confront their oppressors. *Arbuckle v. Bouchard*, No. 03-1975, 92 F. App'x 289, 291 (6th Cir. 2004); *see also McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004) (claim falling within the imminent danger exception to 28 U.S.C. § 1915(g) must nonetheless meet the mandatory exhaustion requirements of 42 U.S.C. § 1997e(a).)  Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of his available administrative remedies.

   Because Plaintiff's complaint is a "mixed complaint," alleging both exhausted and unexhausted claims, the Court must determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or to dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule.  In *Jones Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit addressed whether § 1997e(a) requires a "mixed complaint" to be completely dismissed for lack of exhaustion.  The same issue had been reserved by the court five years earlier in *Knuckles El*, 215 F.3d at 642 ("[w]e reserve to another day the question of whether exhausted claims in a 'mixed' complaint should be addressed when such claims otherwise meet the pleading requirements or whether such a complaint should be dismissed in its entirety.").  The *Jones Bey* panel adopted the total exhaustion rule in a 2-to-1 decision.  The *Jones Bey* majority relied heavily on the plain language of the statute, which states that no "civil action" shall be brought in federal court, rather than no "claim."  *Jones Bey,* 407 F.3d at 807; *see also* 42 U.S.C. § 1997e(a). In addition, the majority held that the total exhaustion rule was consistent with the policies underlying the PLRA. *Id.* at 807-08.  The Court further noted that two other circuits, the Eighth Circuit and the Tenth Circuit, have also adopted the total exhaustion rule.  *Id.* at 806.

- 8 -

In reaching their decision, the *Jones Bey* majority noted that the Sixth Circuit's previous cases addressing PLRA exhaustion were somewhat inconsistent, which resulted in a split among the district courts, on the "total/partial" exhaustion question. *Id.* The majority expressly rejected the argument made by the dissent that the issue had been decided to the contrary in *Hartsfield v. Vidor*, 199 F.3d 305, 310 (1999). *Jones Bey*, 407 F.3d at 806-07. In *Hartsfield*, the plaintiff's complaint alleged misconduct by five prison officials; however, the plaintiff only exhausted his administrative remedies against three defendants. *Hartsfield*, 199 F.3d at 308-10. Without addressing the issue of total exhaustion, the Sixth Circuit held in *Hartsfield* that the exhausted claims could be addressed on the merits while the unexhausted claims could be dismissed without prejudice. *Hartsfield*, 199 F.3d at 310. In addition to the fact that the *Hartsfield* panel did not discuss the total/partial exhaustion issue, the *Jones Bey* majority noted that the author of the *Hartsfield* decision also authored the subsequent decision of *Knuckles El*, 215 F.3d at 642, in which the Court "reserve[d] for another day" the question whether mixed complaints should be dismissed in their entirety. *Id.* at 806-07.

Recently, a panel of the Sixth Circuit held that *Hartsfield,* not *Jones Bey* is the law of the Circuit. *See Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). With regard to the *Jones Bey* decision, the *Spencer* panel stated:

> We are therefore confronted with an issue that has recently vexed this court: when a prisoner submits a mixed complaint, do we apply a rule of partial exhaustion that permits his exhausted claims to proceed or a rule of total exhaustion that requires the entire complaint to be dismissed? We faced a similar situation in *Hartsfield v. Vidor,* 199 F.3d 305 (6th Cir. 1999). There, the prisoner had exhausted his Eighth Amendment claim against three defendants but had failed to exhaust his claim against two others. *Id.* at 309. We dismissed without prejudice the unexhausted claims and reached the merits of the exhausted claims. *Id.* at 309-10.

. . .

> A panel of this court recently seized upon the implicit nature of this [*Hartsfield*] holding in deeming the issue "an open question in this circuit" even after *Hartsfield.* [*Jones*] *Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir.2005), *petition for cert. filed,* 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874). It then purported to "definitively answer" the question by requiring the total dismissal of mixed complaints. *Id.; accord Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006). The *Bey* panel was apparently unaware, however, that we had already explicitly reaffirmed *Hartsfield*'s implicit partial-exhaustion holding *two years before Bey* was decided. In *Burton v. Jones,* we explained that "the *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant." 321 F.3d at 574 n.2.  In other words, there was no need for *Bey* to "definitively answer" the question, as *Hartsfield* and *Burton,* taken together, had already done so.

*Spencer*, 449 F.3d at 726.  The court stated that "[b]ecause *Hartsfield* and *Burton* were decided before *Bey,*" the partial-exhaustion rule is necessarily the law of the Sixth Circuit.  *Id.*  The same three Judges who were on the *Spencer* panel issued a subsequent decision relying on *Spencer* to reverse the district court's application of the total exhaustion rule.  *See Bell v. Konteh,* No. 05-3503, 2006 WL 1651662, at *2-3 (6th Cir. June 16, 2006).

Where the Court of Appeals has allowed two conflicting lines of cases to develop, it can only cause confusion in the trial courts which must, of course, choose one of the two to follow. I find that *Spencer* and *Konteh* are without precedential value under the Sixth Circuit's own rules, and thus am constrained to respectfully recommend that this Court continue to follow the Sixth Circuit's decision in *Jones Bey.*  Under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309-10 (6th Cir. 2001) (discussing the effect of published opinions by

previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("[A] panel of this [c]ourt cannot overrule the decision of another panel."); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("[c]ourt en banc consideration is required to overrule a published opinion of the court." (quoting 6TH CIR. R. 206(c)).

In this case, the prior decision is *Jones Bey*, not *Hartsfield*. As stated above, *Jones Bey* held that a "mixed complaint" must be completely dismissed for lack of total exhaustion. Both the opinion and ruling of the *Jones Bey* panel addressed the issue head-on, and the decision to follow the total exhaustion rule is unequivocal. *Hartsfield,* on the other hand, neither explicitly addressed (*see Jones Bey, supra*), nor intended to explicitly address (*see Knuckles El, supra* at 642) the total exhaustion rule. *Burton v. Jones, supra,* the remaining case relied upon in *Spencer* as necessary to its assertion that precedent existed regarding this issue prior to *Jones Bey, supra,* only mentions the total exhaustion issue in passing, as *dicta*, in a footnote. The footnote was not necessary to a resolution of *Burton v. Jones.*

Moreover, on a slightly different but equally persuasive note, the question of whether issues which lurk in the record, but are not explicitly ruled on, even <u>could</u> constitute precedents, had already been decided in the negative before the *Spencer* decision was rendered. *See Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006). In *Rinard*, the court explicitly stated that *Hartsfield* did not decide the partial exhaustion issue:

> Today we make clear that <u>we continue to subscribe to the long-held standard that '[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.</u>' *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 559 (6th Cir. 2004) (quoting *Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925)). Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield,* that case did not address nor decide the issue so as to be binding upon

- 11 -

>   this court.  By contrast, *Jones Bey* definitively answered the question presented here and we now follow it.

*Id.* (emphasis added).  In light of *Rinard v. Luoma,* it is difficult to understand how the appellate court in *Spencer* could subsequently cobble together a decision where the issue only "lurked" (*see Hartsfield, supra*), together with *dicta* contained in a footnote to another case (*see Burton v. Jones, supra*), and consider the sum of the two to constitute precedent.  This ruling redefines the process of arriving at a precedent, as described in *Rinard* and the cases cited therein, and appears to be contrary to Rule 206(c) for this reason, as well as because it sought to overrule *Jones Bey* on the issue of total exhaustion.

   For all of these reasons, this Court must necessarily follow the precedent set by *Jones Bey* until and unless the Supreme Court of the United States[4] or an *en banc* panel of the Sixth Circuit determines that the partial exhaustion rule applies to prisoner civil rights actions.

   Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97

---

[4]The Supreme Court has granted certiorari to resolve the partial/total exhaustion issue.  *Williams v. Overton,* 126 S. Ct. 1463 (2006); *Jones v. Bock,* 126 S. Ct. 1462 (2006).

C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court should dismiss Plaintiff's action without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's action be dismissed without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a). I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  October 2, 2006                        /s/ Hugh W. Brenneman, Jr.
                                               Hugh W. Brenneman, Jr.
                                               United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).